IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODNEY WESTON,                                                                                          PETITIONER
ADC #132833

v.                                      5:16CV00238-JLH-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. BACKGROUND

A Chicot County Circuit Court jury convicted Petitioner Rodney Weston of the murder of Vincent Thomas and the shooting of James Collins. *Weston v. State*, 366 Ark. 265, 234 S.W.3d. 848 (2006). Mr. Weston is currently serving life without parole for capitol murder, life for a terroristic act, and twenty years for first-degree battery. *Id.* at *267. He appealed his conviction to the Arkansas Supreme Court, and it recited the facts of the case as follows:

> On April 24, 2004, Rodney Weston and his cousin, Derrick Weston, went to the Blue Front Tavern. There the victim, Vincent Thomas, was watching a game on television with three or four others, including his father, James Thomas, the operator of the tavern. James Thomas saw someone come into the front room and call for his son. Valerie Hall, a customer, heard something, followed Vincent toward the back of the tavern, and started to speak to him, but he told her to wait while he asked Rodney and Derrick Weston to leave. After a conversation between Rodney and Vincent, Derrick walked out the door, followed by [Petitioner]. Hall watched Vincent walk to the door to close it and witnessed beer being splashed onto his face, followed immediately by three shots being fired. Vincent turned and ran to the front room as Hall hid behind the pool table.
>
> James Thomas heard one or two gun shots before he saw Vincent run behind the counter and fall. Terry Allen, a customer who had also been sitting in the front room, heard gun shots and then saw Vincent run back in the front holding himself. After Vincent fell to the ground, Allen witnessed [Petitioner] come into the room with a gun and say, "Where that whore head nigger at?" When nobody answered, [Petitioner] shot several times. Allen ran out the front door after [Petitioner]'s second

shot, but another customer, James Collins, partially paralyzed from a prior stroke, could not move as fast. Collins was struck by gunfire and [Petitioner] then ran out the back.

Valerie Hall, still hiding behind the pool table in the back room, had witnessed [Petitioner] walk in a few seconds after the first shots were fired and go toward the front room. She heard about four more shots and then ran to hide in a different spot, behind the DJ booth. After Hall saw [Petitioner] run out the back, she looked through a window into the front. Vincent Thomas was lying on the ground, and James Thomas was on the phone. Vincent Thomas had been struck by a bullet which had entered the left side of his back, traveled across his body, and exited under his arm. He died as a result of those injuries. James Collins survived, but had been shot in the right arm, abdomen, and leg.

Appellant ran to Danielle Johns's house and, after she had asked him several times what was going on, he said, "I just laid that nigger down." Johns then asked him who, and Rodney responded "Vin," whom she knew to be Vincent Thomas. When Johns asked appellant why, he said, "He didn't want to give me my money." Johns saw appellant holding a black gun while he was in her home. When later apprehended by officers, [Petitioner] had a forty-caliber Glock in his possession. Shell casings recovered from the Blue Front Tavern matched the gun that was in the possession of appellant.

*Weston v. State*, 366 Ark. 265, 267–68, 234 S.W.3d 848, 850–51 (2006). Mr. Weston also filed an untimely Rule 37 petition,[1] state habeas corpus petition,[2] a second Rule 37 petition,[3] and a previous federal habeas corpus petition,[4] all of which have been dismissed. He appealed, but the United States Court of Appeal for the Eighth Circuit refused to grant a certificate of appealability.

Mr. Weston now files a second Petition for Habeas Corpus arguing that because he is actually innocent, he should be granted a new trial. (Doc. No. 2.) He argues he is innocent because: (1) "this old man from Eudora . . . stated that he was at the Blue Front were (sic) victim father own an (sic)

---

[1] *State v. Weston*, Chicot County Circuit Court No. CR 2004-39-4 (2009).

[2] *Weston v. Norris*, Lincoln County Circuit Court No. CV-2009-85-5 (2009).

[3] *State v. Weston*, Chicot County Circuit Court No. CR 2004-39-4 (2011).

[4] *Weston v. Hobbs*, Case No. 5:11CV00270-JMM (2012).

said that dude father was braging (sic) to him that he paid prosecutor to impose life w/o sentence. . .". (*Id.* at 4); (2) Mr. Weston's cousin, Derrick Weston,[5] met him at the Varner Unit church and explained to Mr. Weston that the prosecutor met with Derrick a week before trial and "told him to change his statement to lies . . ." (*Id.* at 5); and (3) Mr. Weston can show he is actually innocent because he "can prove self-defense . . ." (*Id.* at 6.)

Mr. Weston argues this new information should allow this Court to proceed to adjudicate the merits of his claim. However, because Mr. Weston has already challenged this conviction, his current Petition is successive and must be dismissed.

## II.   DISCUSSION

Under 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). Further, the court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[5] Derrick Weston was with Mr. Weston at the time of the shooting.

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

After careful review, I find 28 U.S.C. § 2244(b) requires prior authorization from the United States Court of Appeals for the Eighth Circuit before this Court may consider Mr. Weston's Petition. 28 U.S.C. § 2244(b)(3); see also *Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing.") There is nothing in the record to indicate Mr. Weston sought and received authorization from the Eighth Circuit before filing this successive Petition. He must apply for, and receive, permission from the Eighth Circuit before filing any habeas corpus petition that challenges his convictions.

Therefore, I find this Court does not have jurisdiction over Mr. Weston's claims. The dismissal should be without prejudice, so Mr. Weston may refile his Petition should the Eighth Circuit Court of Appeals grant him permission to proceed.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Weston's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED, and the requested relief be DENIED.

DATED this 3rd day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE